ANTHONY GENE SMITH, Plaintiff-Appellant, v. SHERIFF OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—94—2334

Opinion filed December 29, 1995.

Jacobson & Sorkin, Ltd., of Chicago (Steven W. Jacobson, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Allen

Kirsh, and Mary D. Mallo, Assistant State's Attorneys, of counsel), for appellee Michael Sheahan.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Anthony Smith appeals from the trial court order dismissing his first amended complaint alleging false arrest and imprisonment, negligence and a section 1983 violation (42 U.S.C. § 1983 (1988)) against the sheriff of Cook County. We affirm.

On September 4, 1992, plaintiff was stopped by police in the City of Carbondale. The Carbondale police officers performed a check for the name Anthony Smith and discovered the existence of an outstanding warrant for a fugitive named Anthony Smith. Based on this information, the Carbondale police officers took plaintiff into custody and incarcerated him at the Jackson County jail in Murphysboro, Illinois.

While in the custody of the Carbondale police department, plaintiff provided his full name, date of birth and address to the arresting officers. Plaintiff's date of birth and address were different from the date of birth and address of the fugitive for whom the warrant was issued.

On the day of plaintiff's arrest, the Carbondale police telexed a "HIT CONFIRMATION REQUEST" to the sheriff of Cook County regarding the arrest warrant for fugitive Anthony Smith. The telex sent by the Carbondale police disclosed that they had in their custody a person named Anthony G. Smith whose date of birth was October 26, 1965. The telex also revealed the social security number of that Anthony G. Smith. In response, the sheriff of Cook County telexed a message to the Carbondale police department advising them that a warrant was issued for Anthony Smith with a birth date of October 24, 1964. The sheriff of Cook County further stated in the telex:

"THE ABOVE SUBJECT IS WANTED BY THIS COMMAND. INDICTMENT WARRANT # 91CR222519, CHARGING HIM WITH BURGLARY, WAS ISSUED ON 30 SEPTEMBER ... PLEASE HOLD HIM FOR US. IF HE CANNOT POST BOND, ADVISE WHEN HE WILL BE AVAILABLE FOR PICK UP. AT THAT TIME, WE WILL MAKE ARRANGEMENTS TO PICK HIM UP."

The Jackson County sheriff's office later sent a telex to the office of the sheriff of Cook County informing them that Anthony G. Smith, with a birth date of October 24, 1964, was available for extradition.

On September 15, 1994, eleven days after his arrest, plaintiff was turned over to the sheriff of Cook County. The following day, plaintiff was brought before Judge Barbara Disko, the judge who had issued

the original warrant. Judge Disko ordered plaintiff held on $20,000 bond. On October 22, 1992, the court ordered plaintiff released from custody because he was not the man wanted in the warrant.

On July 27, 1993, plaintiff filed suit against the sheriff of Cook County and Cook County, the sheriff of Jackson County and Jackson County, the City of Carbondale and the City of Chicago, alleging negligence, false arrest and imprisonment and a violation of his rights under section 1983. The sheriff of Cook County moved to dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), on the basis that the sheriff's office acted only as jailer and that while acting solely in that capacity, the sheriff's office followed all the pertinent statutes. The motion also asserted that the plaintiff's civil rights count did not state a cause of action. The trial court granted the sheriff's motion to dismiss "with prejudice" and with "[n]o leave to amend," stating that the Cook County sheriff acted only as a jailer, holding a prisoner pursuant to a warrant, performing a duty which the law required him to perform. The trial court also noted that the information conveyed to the Carbondale police department by the Cook County police department was correct and the Cook County police department had no duty to assure that what the Carbondale police department did with the information was reasonable.

Plaintiff appeals, contending that: (1) the trial court erred in its application of section 2—619 by deciding questions of fact and doing so without conducting an evidentiary hearing; (2) the trial court erred in granting the sheriff's motion because the sheriff's motion failed to present affirmative matters sufficient to defeat plaintiff's claim; and (3) the trial court erred in refusing to allow plaintiff leave to amend his complaint.

■ Section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 1992)) affords a means for disposing of issues of law or easily proved issues of fact. (*Torcasso v. Standard Outdoor Sales, Inc.* (1993), 157 Ill. 2d 484.) Subsection (a)(9) permits dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (735 ILCS 5/2—619(a)(9) (West 1992).) In ruling upon a motion to dismiss brought pursuant to section 2—619, the trial court may properly consider pleadings, depositions, and affidavits. *Bloomingdale State Bank v. Woodland Sales Co.* (1989), 186 Ill. App. 3d 227, 542 N.E.2d 435.

Defendant argued below, and the trial court agreed, that plaintiff's claim against the sheriff of Cook County must be dismissed because his complaint and exhibits demonstrate that the sheriff of Cook County's actions were no more than those of a jailer. Plaintiff

alleges in his complaint that the Cook County sheriff failed to investigate and compare photographs and fingerprints of plaintiff and the man wanted in the warrant, in order to determine whether plaintiff was in fact the man for whom the arrest warrant was issued. Plaintiff submitted to the trial court the telex sent by the Cook County sheriff to the Carbondale police providing information on the subject wanted in the warrant and asking the Carbondale police to hold the above wanted subject. Plaintiff claims that this telex shows that the sheriff of Cook County took an active role in plaintiff's arrest and was therefore more than simply a jailer.

Plaintiff does not dispute that once he was transferred to Cook County, the sheriff of Cook County assumed the role of jailor and custodian. The day after plaintiff was extradited to Cook County, he was brought before a judge and the judge ordered that plaintiff be held on $20,000 bond. In *Sparling v. City of La Salle* (1980), 83 Ill. App. 3d 125, 403 N.E.2d 769, a false imprisonment claim was brought against the jailers who took custody of the plaintiff after his arrest by police officers. The plaintiff claimed that the jailers failed to release him although they knew that he had committed no crime. The court found not only that the jailers had no duty to release the plaintiff, but that they had no authority to do so until plaintiff was released by court order. (See also *Weimann v. County of Kane* (1986), 150 Ill. App. 3d 962, 502 N.E.2d 373 (plaintiff's false imprisonment claim against the county based on the actions of the sheriff's employees who detained him was properly dismissed); *Johnson v. City of Chicago* (N.D. Ill. 1989), 711 F. Supp. 1465, 1474 (sheriff cannot be liable to the plaintiff under section 1983 when he "was acting pursuant to the judge's order and was thus merely a custodian of Johnson's detention in the County Jail").) Likewise, the sheriff of Cook County cannot be liable for holding plaintiff after he was transferred to Cook County and after a judge had ordered him held on $20,000 bond. The sheriff had no authority to release plaintiff until the court ordered such release.

■ It is thus clear that plaintiff could only survive defendant's motion to dismiss if an issue of fact exists as to whether the sheriff of Cook County served not only as plaintiff's jailer and custodian, but also played an instrumental role in plaintiff's arrest. We have carefully reviewed plaintiff's complaint and the exhibits provided to the trial court and find no facts indicating that the sheriff of Cook County served as more than simply plaintiff's jailer and custodian. The telex sent by the sheriff of Cook County listed the name and birth date of the man wanted in the warrant. The telex also stated "THE ABOVE SUBJECT IS WANTED BY THIS COMMAND....HOLD HIM FOR

US." We cannot reasonably interpret this telex as instructing the Carbondale police to hold plaintiff, regardless of whether his birth date matched that of the man wanted in the warrant or whether the two men shared common characteristics. Rather, the telex clearly instructs the Carbondale police to hold the "ABOVE SUBJECT," leaving to the Carbondale police the determination of whether the person they had at the station was in fact that above subject. Because the Carbondale police department had plaintiff physically present before them, they were in the best position to make this probable cause determination. The Carbondale police, not the sheriff of Cook County, made the determination to hold plaintiff, despite the fact that plaintiff's birth date differed from that of the man named in the warrant.

■ Plaintiff had been given one opportunity to amend his complaint. Plaintiff now asks for a second opportunity to amend his complaint in order to provide facts more fully developing his theory that the Cook County sheriff took an active role in plaintiff's arrest. Even if we believed that plaintiff could more fully develop this argument, there is no indication in the record that plaintiff asked the trial court for an opportunity to file a second amended complaint. Plaintiff asks us to excuse this failure based on the trial court's comment that it does not believe that plaintiff could state any facts that would sufficiently raise a claim against the sheriff of Cook County. The trial court's comment, however, does not relieve plaintiff of the responsibility of asking for leave to amend and providing the court with a proposed amendment in order to preserve his right to appeal the denial of the request. See *Orr v. Shepard* (1988), 171 Ill. App. 3d 104, 524 N.E.2d 1105.

Accordingly, for the reasons set forth above, the trial court order dismissing plaintiff's complaint is affirmed.

Affirmed.

COUSINS, P.J., and T. O'BRIEN, J., concur.