JAMES JACOBSON, Plaintiff-Appellant, *v.* E. WILLIAM ROLLEY *et al.,* Defendants-Appellees.

(No. 12606;

Fourth District—June 19, 1975.

Jack C. Vieley, of Peoria, for appellant.

James C. Wollrab, of Costigan, Wollrab, Fraker, Wochner and Neirynck, and Ralph Schroeder, both of Bloomington, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

James Jacobson appeals from a trial court order dismissing his complaint against attorney E. William Rolley and Rolley's client, Capron State Bank. This complaint alleged that the defendants had subjected plaintiff to malicious prosecution and false imprisonment and that they had done so wilfully, intentionally, and maliciously.

The complaint arose from incidents surrounding a citation to discover assets filed by the defendants which required plaintiff to appear in the circuit court of McLean County. Plaintiff contended in his complaint that defendant Rolley, in a telephone conversation with plaintiff's attorney, agreed to a continuance but that Rolley nevertheless "caused and procured said Judge to issue a warrant of arrest for the apprehension of the Plaintiff * * * and for bringing the Plaintiff before said Judge to be dealt with according to the law for an alleged contempt of court." The complaint further alleged plaintiff's arrest and detention.

■■  To support a claim of malicious prosecution, a complaint must allege all the essential elements as set out in *Freides v. Sani-Mode Manufacturing Co.*, 33 Ill.2d 291, 295, 211 N.E.2d 286, 288:

> "Essential elements of the action for malicious prosecution are (1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its *bona fide* termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice, and (6) damages resulting to plaintiff. Each of these elements must be present."

■■  The complaints in the present case are insufficient with regard to at least three of these elements. First, they do not properly allege that the contempt proceeding here was caused by defendant Rolley. The allegation that defendants "caused and procured" issuance of a warrant is merely conclusory. (*Shemaitis v. Froemke*, 6 Ill.App.2d 323, 127 N.E.2d 648.) If defendants played an active part in procuring the arrest or contempt citation, that role is not apparent on the face of the complaint.

Second, the complaint failed to allege that the contempt proceeding was properly terminated in favor of Jacobson. In fact, there is no mention whatsoever of the outcome of the contempt proceeding.

Further, the complaint makes no proper allegation there was absence of probable cause for the contempt proceeding. The statement in the

complaint that the defendant caused the commencement of proceedings "without any probable or reasonable cause whatsoever" is merely conclusory. Apparently, both the plaintiff and his counsel were absent from the court on the date set for hearing. Opposing counsel could not be expected to move for a continuance on behalf of his opponent. There is nothing in this complaint to explain why plaintiff's failure to appear in person or by counsel was not probable cause for a contempt proceeding.

Therefore, the complaint was insufficient to state a cause of action for malicious prosecution.

■■ Moreover, under the facts as pleaded in the complaint, an action for false imprisonment was also improper. Plaintiff's arrest was admitted by the complaint to be by warrant issued by the court. Imprisonment under legal process will not support a claim of false imprisonment. *Shemaitis; Liogas v. Lowenguth*, 215 Ill.App. 216; *Conkling v. Whitmore*, 132 Ill.App. 574; *Mexican Central Ry. Co. v. Gehr*, 66 Ill.App. 173.

The complaint failed to state a cause of action for either malicious prosecution or false imprisonment. The judgment so holding is affirmed.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.