STEVE WEIMANN, Plaintiff-Appellant, v. THE COUNTY OF KANE, Defendant-Appellee.

Second District   No. 2—85—0940

Opinion filed December 16, 1986.

Jon Yambert, of Lindner, Speers & Reuland, of Aurora, for appellant.

Robert J. Morrow, State's Attorney, of Geneva, and David R. Akemann, of Elgin (Patricia Johnson Lord, Assistant State's Attorney, of counsel), for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Steve Weimann, brought suit in the circuit court of Kane County naming Kane County, the Kane County State's Attorney's office, the village of Sugar Grove, the Sugar Grove police department, the city of St. Charles, and the St. Charles police department as defendants. He voluntarily dismissed his claim against all of the defendants except Kane County (the county), against which he filed a three-count amended complaint. Count I of the amended complaint alleges a violation of plaintiff's civil rights pursuant to section 1983 of the United States Code (42 U.S.C. sec. 1983 (1982)). Counts II and III are State claims for false imprisonment and malicious prosecution, respectively.

In the complaint, Weimann alleges that he was arrested and charged with forgery on September 27, 1983. He was then imprisoned for "over a month" although witnesses were unable to identify him "at over five line-ups." He claims that there was no probable cause for his arrest or detention and no evidence that he had committed the crime. He also generally alleges that the Kane County employees responsible for these actions were "acting pursuant to governmental custom, policy or practice."

On defendant's motion, the court dismissed all three counts for failure to state a cause of action. Plaintiff appeals only the dismissal of counts I and II.

## I. SECTION 1983 ACTION

■ The only issue presented in this appeal is whether the complaint is sufficient to state a cause of action. When reviewing the sufficiency of a complaint, the court accepts as true all facts well-pleaded and all reasonable inferences that can be drawn from them. (See, *e.g.*, *Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 898; *Dear v. Locke* (1970), 128 Ill. App. 2d 356.) In addition, the complaint must be construed liberally, to favor providing the plaintiff with a determination on the merits of his claim. See *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 77; *Bohacs v. Reid* (1978), 63 Ill. App. 3d 477, 481.

■ In *Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018, the United States Supreme Court held that liability may be imposed on local governing bodies under section 1983 of the United States Code (42 U.S.C. sec. 1983 (1982)) for violations of Federal constitutional rights when the violation is due to the implementation or execution of an officially adopted governmental policy or of an informal but pervasive governmental custom. (436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 635-36, 98 S. Ct. 2018, 2035-36.) To state a cause of action against a local governmental entity under *Monell*, the plaintiff must allege both that he has been deprived of a constitutionally protected right and that the deprivation was caused by a governmental policy or custom. (See, *e.g.*, *Powe v. City of Chicago* (7th Cir. 1981), 664 F.2d 639, 643.) The county argues that Weimann's amended complaint alleges neither.

Defendant argues that, because Weimann was arrested pursuant to a valid arrest warrant, his arrest and detention were clearly constitutional, and his complaint argues for the recognition of continuing probable cause as a new constitutional right.

■ The relevant portions of plaintiff's complaint are as follows:

"8. Plaintiff was then detained and subjected to a search of his person despite protests that he had not committed the act complained of.

\* \* \*

10. Plaintiff was jailed for over a month by personnel of the defendant who were acting pursuant to custom, policy or practice of the defendant in spite of failure by witnesses to identify the plaintiff as the perpetrator of the forgery com-

plained of at over five line-ups.

11. At the time plaintiff was arrested and at all times material hereto, there was no probable cause or evidence that plaintiff committed the act of forgery complained of."

A prisoner arrested pursuant to a warrant issued by a magistrate on a showing of probable cause clearly has no constitutional right to periodic hearings to determine whether there remains probable cause to detain him while awaiting trial. (*Baker v. McCollan* (1979), 443 U.S. 137, 143, 61 L. Ed. 2d 433, 441, 99 S. Ct. 2689, 2694.) However, we interpret the complaint to allege, not that the sheriff's officers or State's Attorneys were affirmatively obligated to conduct periodic inquiries to determine whether there was still cause to hold Weimann, but that it was clearly apparent to all involved that he was not the individual who had committed the forgery. If Weimann was in fact deprived of his liberty by persons who knew him to be innocent of the charges, he may well have a cognizable section 1983 claim. See *Gay v. Wall* (4th Cir. 1985), 761 F.2d 175, 178-79; *Coleman v. Frantz* (7th Cir. 1985), 754 F.2d 719; see also *Powe v. City of Chicago* (7th Cir. 1981), 664 F.2d 639, 651-52 (noting that nothing in *Baker* precludes finding a constitutional violation where an arrestee is detained after the police discover he is not the person sought).

The county next argues that the complaint is insufficient because it fails to identify a governmental policy or custom which caused the violation of Weimann's rights, and that, even if a policy or custom has been adequately alleged, the existence of such a policy must be supported by allegations of fact relating to more than one incident of a constitutional violation. Plaintiff only alleges facts relating to a single incident—his own arrest and detention.

In *Powe v. City of Chicago* (7th Cir. 1981), 664 F.2d 639, the United States Court of Appeals for the Seventh Circuit held that failure to articulate a governmental policy is not fatal to a section 1983 claim where the fact finder can reasonably infer from the facts alleged that the constitutional violation was "the product of some policy or custom" of the defendant entity. (664 F.2d 639, 650.) The *Powe* court concluded, however, that it would be improper to infer a governmental policy of detaining arrestees after it becomes apparent that there is no reason to do so from a single incident of detention. 664 F.2d 639, 652.

Plaintiff correctly notes that a number of district court cases have permitted section 1983 claims against government entities to stand where the plaintiff alleged facts relating to only a single inci-

dent of unconstitutional conduct. (See, *e.g.*, *Hill v. Marinelli* (N.D. Ill. 1982), 555 F. Supp. 413; *Means v. City of Chicago* (N.D. Ill. 1982), 535 F. Supp. 455; *Thompson v. Village of Evergreen Park* (N.D. Ill. 1980), 503 F. Supp. 251.) In only one such case, however, did the court approve a complaint which failed to articulate the culpable policy. (*Villa v. Franzen* (N.D. Ill. 1981), 511 F. Supp. 231.) And in recent decisions, the Seventh Circuit has required more. "Without some evidence apart from the fact of employment, regardless how slight, that a policy causing plaintiff's injury might exist, the plaintiff simply cannot proceed in court against the municipality." (*Strauss v. City of Chicago* (7th Cir. 1985), 760 F.2d 765, 768.) Factual allegations concerning a single incident in which a plaintiff suffered a constitutional violation, joined with the general claim that the injury resulted from a custom or policy, are not sufficient. *Hossman v. Blunk* (7th Cir. 1986), 784 F.2d 793, 797; *Jones v. City of Chicago* (7th Cir. 1986), 787 F.2d 200, 204 (requiring some indication that the municipality through its custom acquiesced in or encouraged the conduct).

It should be noted that factual allegations of other incidents are not always required. A single, isolated application of an *official, clearly unconstitutional* governmental policy is actionable under section 1983 (*City of Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 85 L. Ed. 2d 791, 105 S. Ct. 2427), as is a single course of action decided upon by the individual *authorized to make final decisions* in that area (*Pembaur v. City of Cincinnati* (1986), 475 U.S. 808, 89 L. Ed. 2d 452, 106 S. Ct. 1292), as such action is effectively that of the entity. See *Malak v. Associated Physicians, Inc.* (7th Cir. 1986), 784 F.2d 277, 283; see also *Monell v. Department of Social Services* (1978), 436 U.S. 658, 681-83, 56 L. Ed. 2d 611, 629-31, 98 S. Ct. 2018, 2031-32 (noting that municipalities are necessarily liable under section 1983 for their own acts).

■ These exceptions are not applicable here, however, and plaintiff has simply failed to allege sufficient facts to support the inference that he was unlawfully detained as a result of some policy of the county. Count I therefore fails to state a section 1983 claim against Kane County and was properly dismissed.

Because we affirm the dismissal of the section 1983 claim for the reasons stated above, this court finds it unnecessary to consider defendant's argument that the county cannot be held liable under section 1983 for the acts of persons employed by the county sheriff or State's Attorney.

## II. THE FALSE-IMPRISONMENT CLAIM

■ ■ Plaintiff first argues that defendant's motion to dismiss count II of his amended complaint was improperly brought under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Motions under section 2—615 attack the legal sufficiency of the complaint. (See, *e.g.*, *Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 628; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574.) In its motion, Kane County argued that, because Weimann failed to challenge the validity of the warrant on which he was arrested, plaintiff had not adequately alleged an unlawful detention. Because unlawful restraint is a necessary element of a false-imprisonment claim (see, *e.g.*, *Fort v. Smith* (1980), 85 Ill. App. 3d 479; *Sparling v. City of La Salle* (1980), 83 Ill. App. 3d 125), we believe the motion made was appropriate. We reject plaintiff's argument that the motion introduced "other affirmative matter" appropriate only under a section 2—619 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), because reversing the dismissal on that basis would be inappropriate in any event in the absence of any resulting prejudice. (See, *e.g.*, *Cali v. DeMattei* (1984), 121 Ill. App. 3d 623; *Premier Electric Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638; *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247.) In addition, the arrest warrant is contained in court records and is the type of "readily verifiable" fact of which a court may take judicial notice. *May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159.

■ Turning to the merits of defendant's motion to dismiss, the county argues that, because Weimann was arrested pursuant to a valid warrant, his arrest and subsequent detention cannot give rise to a false-imprisonment claim in the absence of "outrageous acts" or deprivations. Where an arrest is made under a judicially issued arrest warrant, the arrest itself cannot give rise to a false-imprisonment claim. (*Jacobson v. Rolley* (1975), 29 Ill. App. 3d 265, 267; see also *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, *cert. denied* (1980), 446 U.S. 967, 64 L. Ed. 2d 826, 100 S. Ct. 2945 (false imprisonment does not lie when arrest is based on formal legal process).) However, the Illinois Supreme Court and this court have held that false imprisonment may result from an unlawful detention following an otherwise legal arrest. (See *Fulford v. O'Connor* (1954), 3 Ill. 2d 490, 500; *Hughes v. New York Central System, Chicago River & Indiana R.R.* (1959), 20 Ill. App. 2d 224, 232.) Those cases impose no requirement that the detainee allege

"outrageous acts" by law-enforcement officials, apparently rendering any unlawful detention actionable.

■ Although a court reviewing a section 2—615 motion to dismiss is limited to considering only the factual allegations set out in the complaint (see *Mason v. Rosewell* (1982), 107 Ill. App. 3d 943; *Inland Real Estate Corp. v. Christoph* (1981), 107 Ill. App. 3d 183), an appellate court may, at any time, take judicial notice of records of proceedings in its own or other courts which contain easily verifiable, though not generally known, facts as an "aid in the efficient disposition of litigation." (*People v. Davis* (1976), 65 Ill. 2d 157, 165; *Rural Electric Convenience Cooperative Co. v. Illinois Commerce Com.* (1983), 118 Ill. App. 3d 647, 651-52.) To prevent the entirely unwarranted continuation of litigation in the present case, this court will take judicial notice of Weimann's arrest warrant, which clearly renders the *Fulford* and *Hughes* decisions inapplicable here.

■ In *Fulford*, the plaintiff was detained in a local police station by the arresting officers while they completed their investigation. (*Fulford v. O'Connor* (1954), 3 Ill. 2d 490, 497.) Similarly, in *Hughes*, the plaintiff was arrested and detained by railroad agents for approximately nine hours before being taken to the local police station. (*Hughes v. New York Central System, Chicago River & Indiana R.R.* (1959), 20 Ill. App. 2d 224, 227.) In both cases, the plaintiff was unlawfully detained by the arresting officers, who had the authority to release him. By contrast, Weimann was arrested by Sugar Grove municipal police officers, but imprisoned in the county facility. He has brought this false-imprisonment claim against the county based on the actions of the sheriff's employees who detained him and the county State's Attorney's employees who handled his prosecution. In *Sparling v. City of La Salle* (1980), 83 Ill. App. 3d 125), a similar claim was brought against county employees who acted merely as jailers, having taken custody of the plaintiff from the police officers who arrested him. The plaintiff claimed, as Weimann claims here, that the jailers knew he had committed no crime, but failed to release him. The *Sparling* court concluded that the jailers not only had no duty to release the plaintiff, but no authority to do so until he was released by court order. (83 Ill. App. 3d 125, 126.) We therefore conclude that Weimann cannot base his claim against the county on county sheriff's employees' refusal to release him.

■ ■ Having eliminated the arresting officers, who were not county employees in any event, and the county jailers, the only remaining individuals for whose actions the county may be held liable

are the assistant State's Attorneys who handled Weimann's case. The county contends that, because assistant State's Attorneys enjoy prosecutorial immunity for judicially-related acts, the claim should be dismissed to the extent that it predicates liability on their actions. The law is clear that prosecutors are immune from liability for any activities "intimately associated with the judicial phase of the criminal process." (*Woods v. Carey* (N.D. Ill. 1983), 563 F. Supp. 212, 213, citing *Imbler v. Pachtman* (1976), 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984; see also *Hamilton v. Daley* (7th Cir. 1985), 777 F.2d 1207; *DeBoer v. Martin* (N.D. Ill. 1982), 537 F. Supp. 1159.) Additionally, making the decision that sufficient evidence remains to support an existing criminal charge is clearly one of a prosecutor's judicial functions. (See, *e.g.*, *Tyler v. Witkowski* (7th Cir. 1975), 511 F.2d 449.) Thus, the assistant State's Attorney could not be held liable for his decision to let the charges against Weimann stand. Also, because the Local Governmental and Governmental Employees Tort Immunity Act prohibits imposing liability on a local public entity for its employee's torts when the employee is not liable (Ill. Rev. Stat. 1985, ch. 85, par. 2—109), Weimann's claim against the county cannot properly be based on the prosecutor's actions either. Count II of the amended complaint was therefore properly dismissed.

Having affirmed the dismissal of the false-imprisonment claim, this court finds it unnecessary to consider the county's argument that, because it has no control over the internal operations of the sheriff's and State's Attorney's office, it cannot be held liable for torts committed by employees of the sheriff or State's Attorney.

Accordingly, we affirm the order of the circuit court of Kane County dismissing the amended complaint.

Affirmed.

NASH, P.J., and WOODWARD, J., concur.