WILLIAM E. DAVIS *et al.*, Plaintiffs-Appellants, v. JAMES TEMPLE *et al.*, Defendants-Appellees.

Fifth District   No. 5—95—0566

Opinion filed November 26, 1996.

Mark A. Atkins, of Atkins Law Office, of Benton, for appellants.

Gary B. Nelson, of Feirich, Mager, Green & Ryan, of Carbondale, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, William E. Davis and Pamela Davis, appeal from the judgment of the circuit court of Jackson County granting a motion to dismiss their complaint. The motion to dismiss was filed by defendants, James Temple, a police officer with the City of Carbondale, and the City of Carbondale.

Plaintiffs brought the present action to recover damages allegedly caused by Officer Temple while he was acting in his capacity as a police officer for the city. Plaintiffs filed a seven-count complaint against defendants. Counts I through V were brought by William. Count I was against Officer Temple and alleged malicious prosecution. Count II was against the city under a theory of *respondeat superior* and likewise alleged malicious prosecution. Count III was against Officer Temple and count IV was against the city; both alleged false arrest. Count V was against the city and alleged negligent retention of an employee, namely, Officer Temple. Counts VI and VII were brought by Pamela against Officer Temple and the city, respectively. Counts VI and VII alleged invasion of privacy, more specifically, the tort of unreasonable intrusion upon the seclusion of another. On appeal, we must determine as to counts I through V whether William alleged sufficient facts to sustain a cause of action for the alleged torts. As to counts VI and VII, we must first determine whether a cause of action exists in Illinois for unreasonable intrusion upon the seclusion of another, and, if so, whether Pamela sufficiently alleged such a cause of action in counts VI and VII. We affirm with one exception. We expressly recognize a cause of action for unreasonable intrusion upon the seclusion of another. However, we find the facts alleged in counts VI and VII insufficient to state that cause of action.

## FACTS

Plaintiffs are husband and wife. At the time of the alleged occurrences, Pamela was employed by Bud's Warehouse. William was also an employee of Bud's Warehouse but was discharged from that employment on January 20, 1994. Plaintiffs filed their original action on February 9, 1995. The trial court granted defendants' motion to

dismiss all seven counts but allowed plaintiffs leave to amend. On May 18, 1995, plaintiffs filed their first amended complaint.

Plaintiffs' first amended complaint alleged that on January 20, 1994, Officer Temple, in the course of his duty as a police officer, was called to Bud's Warehouse to investigate reported criminal damage to property. Plaintiffs further alleged that from January 20, 1994, until February 9, 1994, Officer Temple engaged "in a course of conduct of hounding and harassing" both William and Pamela "in an attempt to coerce a confession" from William on the criminal damage charge. In count I, William alleged a cause of action against Officer Temple for malicious prosecution, specifically alleging as follows:

> "3. That on February 18, 1994, the Defendant James Temple, motivated by malice[,] did cause to be filed a criminal action, namely, Jackson County No. 94—CM—82, against this Plaintiff, *by preparing and submitting to the Jackson County State's Attorney an 'Affidavit of Probable Cause,' which contained false information. Defendant failed to obtain a Uniform Complaint form signed by the alleged victim, and in fact, prepared and filed said Affidavit of Probable Cause without consulting with or informing the alleged victims of his intent to charge the Plaintiff William E. Davis with Assault. Defendant submitted this 'Affidavit of Probable Cause'* although he knew that said charges were unjustified and that probable cause for the prosecution of this plaintiff was lacking." (Emphasis in original.)

Count II made the same allegations against the city under a theory of *respondeat superior.*

In count III, William alleged a cause of action against Officer Temple for false arrest, specifically alleging as follows:

> "3. That on January 20, 1994, the Defendant James Temple, in the course of his duty as a Carbondale Police officer, was called to Bud's Warehouse in Carbondale, Illinois, to investigate a reported criminal damage to property.
>
> 4. That from January 20, 1994, until February 9, 1994, the Defendant James Temple[ ] did engage in a course of conduct of hounding and harassing the Plaintiff, William Davis, in an attempt to coerce a confession to the aforesaid criminal damage to property charge.
>
> 5. That on February 9, 1994, the harassment by the Defendant James Temple reached such an extent that the Plaintiff filed a complaint with both the Carbondale Police Department and the Jackson County State's Attorney's office, alleging police misconduct.
>
> 6. That on February 10, 1994, the Defendant, James Temple, in

retaliation for Plaintiff's filing of the police misconduct complaint, did *prepare and submit to the Jackson County State's Attorney an 'Affidavit of Probable Cause,' which contained false information. Defendant failed to obtain a Uniform Complaint form signed by the alleged victim, and in fact, prepared and filed said Affidavit of Probable Cause without consulting with or informing the alleged victims of his intent to charge the Plaintiff William E. Davis with Assault. Defendant submitted this 'Affidavit of Probable Cause'* and did cause a warrant to issue for the arrest of the Plaintiff upon the charge of Assault.

7. That Defendant James Temple filed the 'Affidavit of Probable Cause' without any probable cause, and did so out of malice, and that the arrest of the Plaintiff was wholly without cause.

8. That as a result of the actions of the Defendant James Temple, Plaintiff was caused to be arrested, fingerprinted and booked, and was detained against his will for a period of time.

9. That upon trial of said charges, the Court entered a directed verdict in favor of this Plaintiff[ ] and thereby acquitted this Plaintiff, [and] that judgment was entered in favor of Plaintiff and is now final.

10. That Defendant James Temple caused said criminal charges to be lodged against Plaintiff and caused Plaintiff to be arrested with the intent to bring this Plaintiff into disrepute and to cause, if possible, great shame and humiliation to Plaintiff, in which objective the Defendant was successful; and that in addition to the actual financial losses caused by such conduct, including the expenses incident to the defense of such case, the Plaintiff was subjected to great stress and anxiety which adversely affected his health, peace of mind and physical condition." (Emphasis in original.)

In count IV, William made the same allegations against the city, again under a theory of *respondeat superior*.

In count V, William alleged a cause of action against the city for negligent retention of Officer Temple as a police officer. William alleged that previous complaints were made against Officer Temple but the city failed to take appropriate measures to correct the conduct of Officer Temple.

In counts VI and VII, Pamela alleged a cause of action for invasion of privacy, specifically, unreasonable intrusion on the seclusion of another, against both Officer Temple and the city, respectively. Pamela specifically alleged:

"5. That from January 20, 1994, until February 9, 1994, the Defendant James Temple[ ] did engage in a course of conduct of hounding and harassing Plaintiff Pamela Davis, in an attempt to

coerce her husband to confess to the criminal damage to property charge, to-wit:

> (a) *On February 2, 1994, the Defendant James Temple did call Plaintiff Pamela Davis at her place of employment, and demanded that she appear at the Carbondale Police Department to discuss his investigation of damage to Plaintiff's [co-worker's] automobile. Upon her arrival, the Defendant James Temple secluded himself in a room with Plaintiff, and verbally abused her, calling her a 'fucking liar,' and threatening to 'make (her) life a living hell' until her husband confessed to damaging Plaintiff's co-worker's automobile.*

> (b) *On February 8, 1994,* the Defendant James Temple did come to the place of employment of the Plaintiff Pamela Davis, namely, Bud's Warehouse, unannounced and demanding to speak to the Plaintiff, in the clear view of her friends and co-workers, thus invading the privacy of the Plaintiff among her friends and co-workers.

> (c) *That on February 8, 1994,* in an attempt to get away from the Defendant James Temple, the Plaintiff Pamela Davis walked to the stockroom of her employer's place of business, a place not open to the public, and was talking to her manager, when Defendant James Temple forcefully entered the storeroom, informed Plaintiff Pamela Davis she was 'in custody' and again demanded that she talk to him, all in the presence of and clear view and hearing of the store manager of Plaintiff's employment, thus invading the privacy of the plaintiff and causing a loss of confidence and reputation of the Plaintiff among her friends and co-workers." (Emphasis in original.)

Plaintiffs allege that as a result of the action of defendants, they suffered great shame and humiliation, financial loss, and great stress and anxiety, which adversely affected their health, peace of mind, and physical condition.

On June 14, 1995, defendants filed a motion for involuntary dismissal of plaintiffs' first amended complaint, pursuant to section 2—619.1 of the Code of Civil Procedure (the Code). 735 ILCS 5/2—619.1 (West 1994). The trial court dismissed plaintiffs' first amended complaint with prejudice. Plaintiffs filed a timely notice of appeal. Plaintiffs did not file a motion for leave to file a second amended complaint, nor have they sought that relief from this court. Plaintiffs stand on their first amended complaint.

## ISSUES

The first issue we are asked to address is whether plaintiffs' first amended complaint alleged sufficient facts to sustain the various

causes of action stated in counts I through V. We initially note that the standard of review on appeal from a motion to dismiss under section 2—615 of the Code is whether the complaint sufficiently states a cause of action. 735 ILCS 5/2—615 (West 1994); *McCormick v. Kruk*, 220 Ill. App. 3d 449, 451, 581 N.E.2d 73, 75 (1991). Generally, a motion brought under section 2—619 of the Code is properly allowed only if it raises an affirmative matter which negates the plaintiff's cause of action completely or when it refutes crucial conclusions of law or conclusions of material fact that are unsupported by allegations of specific facts. 735 ILCS 5/2—619 (West 1994); *Health Employees Labor Program v. County of Cook*, 236 Ill. App. 3d 93, 97, 603 N.E.2d 591, 593 (1992). On review of an order dismissing a complaint for failure to state a cause of action, all well-pleaded facts and inferences are accepted as true (*Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 499, 568 N.E.2d 870, 872 (1991)), but not conclusions of law or conclusions of fact unsupported by specific facts. *Groenings v. City of St. Charles*, 215 Ill. App. 3d 295, 299, 574 N.E.2d 1316, 1319 (1991). Disputed questions of law are reviewed *de novo. In re Marriage of Skinner*, 149 Ill. App. 3d 788, 791, 501 N.E.2d 311, 313 (1986). A motion to dismiss a complaint for failure to state a cause of action should not be granted unless it clearly appears that no set of facts could be proven under the pleadings which would entitle the plaintiff to relief. *Krautstrunk v. Chicago Housing Authority*, 95 Ill. App. 3d 529, 420 N.E.2d 429 (1981).

## COUNTS I AND II

The necessary elements for malicious prosecution are:

"(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding, (3) its *bona fide* termination in favor of· the present plaintiff, (4) the absence of probable cause for such proceedings, (5) the presence of malice, and (6) damages resulting to plaintiff." *Freides v. Sani-Mode Manufacturing Co.*, 33 Ill. 2d 291, 295, 211 N.E.2d 286, 288 (1965).

William maintains that he alleged that Officer Temple caused criminal charges to be filed against him and that is sufficient to reasonably inform Officer Temple of the nature of the claim against him. Further, William maintains that because he alleged that the affidavit contained "false" information, the pleadings meet the required elements of malicious prosecution. Defendants respond that plaintiff failed to allege that Officer Temple pressured the State's Attorney into prosecuting William and that there are insufficient allegations that Officer Temple knowingly supplied "false" information to the

State's Attorney on which the State's Attorney relied in deciding to prosecute William. We agree with defendants.

■ In the present case, there is no allegation in count I that Officer Temple in any way pressured or coerced the State's Attorney to file charges against William. The first amended complaint merely contends that Officer Temple, "motivated by malice," caused charges to be filed against plaintiff by preparing and submitting to the State's Attorney an affidavit of probable cause which contained false information. William did not specify which information in the affidavit was false, but he only alleged that defendant did not obtain a uniform complaint form signed by the alleged victim and that defendant prepared and filed the said affidavit without consulting or informing the alleged victim. However, in conjunction with this case, the State's Attorney filed an affidavit in which he stated that there is no statutory requirement for filing a uniform complaint when an officer files an affidavit of probable cause and that there is no duty or statutory requirement for a police officer to contact the victim before filing the affidavit of probable cause. The State's Attorney explained that it is his decision whether to file an information. A close examination of the first amended complaint reveals that plaintiff makes conclusory allegations that the information supplied by Officer Temple was "false," without specifying what was false. Moreover, we agree with defendants that plaintiff's allegations of malice and lack of probable cause found in the complaint are also mere conclusions and, therefore, are insufficient to state a cause of action for malicious prosecution. We find that plaintiff did not allege sufficient facts to sustain a cause of action for malicious prosecution as pleaded in counts I and II.

## COUNTS III AND IV

■ To sustain an action for false arrest, the plaintiff has the burden of proving a restraint or an arrest caused or procured by the defendants without their having reasonable grounds to believe that an offense was committed by the plaintiff. *Karow v. Student Inns, Inc.*, 43 Ill. App. 3d 878, 881, 357 N.E.2d 682, 686 (1976). William submits that he alleged facts sufficient to constitute false arrest. He claims that the trial court incorrectly dismissed counts III and IV because it overlooked that the alleged facts in counts III and IV included the statement that the warrant of arrest was based upon Officer Temple's affidavit of probable cause which contained *false* information. Defendants respond that there are no facts alleged which, if proven, would show that Officer Temple acted without probable cause or that he knew that there was no probable cause but proceeded

anyway. Defendants maintain that there were insufficient factual allegations pleaded in counts III and IV to establish a lack of probable cause and malice on the part of Officer Temple in arresting William. We agree with defendants.

■ The trial court correctly found that a "cause of action for false arrest cannot be based upon a valid Warrant of Arrest issued by a Court," as the law is well settled that if an arrest is made under a judicially issued arrest warrant, the arrest itself cannot give rise to a claim of false imprisonment. *Wiemann v. County of Kane*, 150 Ill. App. 3d 962, 968, 502 N.E.2d 373, 376 (1986); *Jacobson v. Rolley*, 29 Ill. App. 3d 265, 267, 330 N.E.2d 256, 258 (1975). The fact that William alleged that the affidavit of probable cause contained "false" information does not mean that this trial court's determination was incorrect. William's pleadings on this matter are conclusory and do not give us any indication what, if anything, was false. It is not enough to plead false arrest; it is necessary to plead sufficient factual allegations of an unlawful arrest. See *Wilson v. Hunk*, 51 Ill. App. 3d 1030, 1032-33, 367 N.E.2d 478, 480-81 (1977). Moreover, the other allegations made by William, namely, that Officer Temple failed to obtain a uniform complaint signed by the alleged victim and that Officer Temple filed an affidavit of probable cause without consulting the alleged victim, do not support William's claim of false imprisonment since, as previously discussed, it was not necessary for Officer Temple to have taken either action. Accordingly, we find the complaint insufficient to state a cause of action for false arrest.

## COUNTS VI AND VII

In count VI, Pamela presented a cause of action against Officer Temple for invasion of privacy, specifically, unreasonable intrusion into the seclusion of another. In count VII, Pamela presented the same cause of action against the city under a theory of *respondeat superior*. Pamela asks us to expressly recognize this tort and argues that the allegations found in counts VI and VII are sufficient to plead the elements of this cause of action. Defendants respond that neither the supreme court nor the Fifth District Appellate Court has expressly recognized this cause of action and, thus, counts VI and VII of plaintiffs' first amended complaint were properly dismissed for failure to state a cause of action. Assuming, *arguendo*, that we recognize a cause of action based upon the unreasonable intrusion on the seclusion of another, defendants argue that the facts alleged in counts VI and VII were insufficient to state a cause of action.

■ Professor William Prosser delineated four distinct types of invasion of privacy, and his approach has been explicitly adopted by

the Restatement (Second) of Torts. The four types are: (1) intrusion upon the seclusion of another (Restatement (Second) of Torts § 652B, at 378 (1977)); (2) appropriation of another's name or likeness (Restatement (Second) of Torts § 652C, at 380 (1977)); (3) publicity given to private life (Restatement (Second) of Torts § 652D, at 383 (1977)); and (4) publicity placing a person in a false light (Restatement (Second) of Torts § 652E, at 394 (1977)). The Restatement (Second) of Torts describes the tort of intrusion upon the seclusion of another in the following manner: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B, at 378 (1977).

In *Lovgren v. Citizens First National Bank*, 126 Ill. 2d 411, 534 N.E.2d 987 (1989), our supreme court considered whether the facts in that case constituted an unreasonable intrusion upon the seclusion of another and found that the facts of that case did not satisfy the elements of that tort as defined by Prosser. In *Lovgren*, the debtor-plaintiff brought an action against the bank for invasion of privacy. One theory was intrusion upon seclusion based upon the bank's attempt to collect a debt by running an advertisement that the debtor was selling his farm at a public auction. No such sale had been scheduled, however, and the plaintiff had not consented to such a sale. The ad did not mention the bank's mortgage on the property or the fact that the sale was being held to satisfy the plaintiff's financial obligations. The ad was placed without the bank instituting mortgage foreclosure proceedings. *Lovgren*, 126 Ill. 2d at 415, 534 N.E.2d at 988. The *Lovgren* court determined that the alleged offensive conduct and subsequent harm pleaded by the plaintiff resulted from the bank's act of publication, not from an act of prying. The *Lovgren* court specifically cited to the Restatement (Second) of Torts § 652B, previously set forth in this opinion, and added the following discussion about the comments to this Restatement section:

> "The comments to this section of the Restatement indicate that the nature of this tort depends upon some type of highly offensive prying into the physical boundaries or affairs of another person. The basis of the tort is not publication or publicity. Rather, the core of this tort is the offensive prying into the private domain of another. (Restatement (Second) of Torts § 652B, comments *a, b,* at 378-79 (1977).) Prosser and Keeton's treatise on torts echoes the Restatement approach. (See W. Prosser & W. Keeton, Torts § 117, at 854-56 (5th ed. 1984).) The examples provided as forming the basis for the tort of intrusion into the seclusion of another include

the following acts: invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping by wiretapping; peering into the windows of a private home; and persistent and unwanted telephone calls. (W. Prosser & W. Keeton, Torts § 117, at 854-55 (5th ed. 1984).) Although we recognize that the contours of the tort of unreasonable intrusion into the seclusion of another are intuitive to a degree, we conclude that the defendants' alleged actions in the present case do not constitute unreasonable intrusion into the seclusion of another." *Lovgren*, 126 Ill. 2d at 416-17, 534 N.E.2d at 989.

Our supreme court went on to note that its discussion of the tort of unreasonable intrusion on seclusion should not be interpreted to imply its recognition of such a cause of action, and the court noted that a conflict existed between the districts of the appellate court. *Lovgren*, 126 Ill. 2d at 417-18, 534 N.E.2d at 989. Our supreme court declined to resolve the conflict in *Lovgren*, and a split remains between the districts.

In *Bank of Indiana v. Tremunde*, 50 Ill. App. 3d 480, 365 N.E.2d 295 (1977), this district stated that although it found no reported cases from Illinois recognizing a cause of action for unreasonable intrusion upon seclusion, it assumed, based on *Leopold v. Levin*, 45 Ill. 2d 434, 259 N.E.2d 250 (1970), that the supreme court would recognize that such an action was appropriate. In *Leopold*, our supreme court stated:

"Privacy is one of the sensitive and necessary human values and undeniably there are circumstances under which it should enjoy the protection of law." *Leopold*, 45 Ill. 2d at 440-41, 259 N.E.2d at 254.

The *Leopold* court referred to the right of privacy as one recognized many years ago and "described in a limited fashion by Judge Cooley with utter simplicity as the right 'to be let alone.' " *Leopold*, 45 Ill. 2d at 440, 259 N.E.2d at 254. The *Bank of Indiana* court, relying on *Leopold*, however, held only that a cause of action in that case was not proved, and the court did not go so far as to expressly hold that a cause of action for intrusion upon seclusion exists.

■ The Third District Appellate Court recognized the intrusion on seclusion tort in *Melvin v. Burling*, 141 Ill. App. 3d 786, 490 N.E.2d 1011 (1986). The *Melvin* court set forth four elements that must be alleged in order to state the cause of action: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive or objectionable to a reasonable man; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. *Melvin*, 141 Ill. App. 3d at 789, 490 N.E.2d at 1013-14. In *Kelly v. Franco*, 72 Ill. App. 3d 642, 391 N.E.2d 54 (1979),

the First District Appellate Court declined to entertain a cause of action for intrusion into the seclusion of another. However, since the *Melvin* decision, the first district has applied the four elements set forth in *Melvin* but has never specifically held that the cause of action exists in this state. In *Mucklow v. John Marshall Law School*, 176 Ill. App. 3d 886, 531 N.E.2d 941 (1988), and *Miller v. Motorola, Inc.*, 202 Ill. App. 3d 976, 560 N.E.2d 900 (1990), as well as *Dwyer v. American Express Co.*, 273 Ill. App. 3d 742, 652 N.E.2d 1351 (1995), the first district held that the plaintiff's allegations did not satisfy the first element of *Melvin*, but the court did not go so far as to say that the cause of action for intrusion on seclusion actually exists in Illinois. The Fourth District Appellate Court, in *Bureau of Credit Control v. Scott*, 36 Ill. App. 3d 1006, 345 N.E.2d 37 (1976), refused to recognize intrusion on seclusion, finding that because the plaintiff already stated a cause of action for intentional infliction of severe emotional distress, there was no need to grant her a remedy of invasion of privacy based upon intrusion upon seclusion.

A review of this area of law leads us to adopt the four-pronged test set forth in *Melvin* for determining whether a cause of action has been properly alleged for intrusion upon seclusion. Nothing written by our supreme court on this area of the law leads us to believe that such a cause of action should not be recognized in Illinois. Therefore, after careful consideration, we expressly recognize a cause of action for unreasonable intrusion into the seclusion of another. After review of plaintiffs' first amended complaint, however, we conclude that Officer Temple's actions in the instant case do not constitute unreasonable intrusion into the seclusion of another. Our decision is based upon the fact that the alleged offensive conduct occurred during the course of a criminal investigation concerning William. A criminal investigation is a public matter, not a private matter, and, thus, does not meet the third required element, namely, that the matter upon which the intrusion occurs is private.

Pamela's complaint alleges that due to Officer Temple's investigation, she suffered injury to her right to privacy. However, from what we can garner from the record before us, Officer Temple was investigating a reported crime, namely, criminal damage to property, which allegedly occurred at both plaintiffs' place of employment, Bud's Warehouse. Pamela alleges that on February 2, 1994, Officer Temple called her and demanded that she appear at the police station in conjunction with this investigation. Likewise, on February 8, 1994, Officer Temple appeared at Bud's Warehouse in the course of the public investigation. Officer Temple's investigative techniques are indeed questionable if what plaintiffs have alleged in their com-

plaint is true. They do not, however, constitute an unreasonable intrusion into the seclusion of another, due to the public nature of the investigation of a crime allegedly committed at both plaintiffs' place of employment.

## COUNT V

■ Finally, with regard to count V, negligent retention of an employee, we agree with the trial court that this count cannot stand since it is based on the pending cause of action against Officer Temple.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed, except that we expressly recognize a cause of action for unreasonable intrusion upon the seclusion of another. However, as previously discussed, the facts of the instant case do not give rise to such a cause of action.

Affirmed.

RARICK and KUEHN, JJ., concur.