WENDY SASSALI, Plaintiff-Appellee, v. THOMAS DeFAUW, Defendant-Appellant (Harry Darland *et al.*, Defendants).

Second District No. 2—97—0590

Opinion filed June 16, 1998.

McLAREN, J., dissenting.

Richard A. Dudek and Kenneth W. Traum, both of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford, for appellant.

Constance Augsburger, of Law Offices of Dennis Schumacher, P.C., of Mt. Morris, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

Defendant Thomas DeFauw, chief executive officer and facility director of Rockford Memorial Hospital, appeals the denial of his mo-

tion to dismiss count XV of plaintiff's, Wendy Sassali's, first amended complaint. DeFauw argues that the trial court erred in concluding that an initially authorized detention pursuant to the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1—100 *et seq.* (West 1994)) can be converted into a false imprisonment when the detaining facility fails to comply with the filing requirements of the Mental Health Code.

Count XV alleges that at approximately 4 p.m. on January 23, 1994, defendants Michael Sassali and Harry Darland forcibly transported plaintiff to Rockford Memorial Hospital and initiated emergency involuntary commitment proceedings. The Mental Health Code required DeFauw to file a petition for involuntary admission on Monday, January 24. DeFauw did not file this petition within the allotted time and his failure to do so resulted in plaintiff being falsely imprisoned.

Pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)) DeFauw moved to dismiss this count, arguing that plaintiff's detention was proper because it was part of the legal process under article VI of the Mental Health Code (405 ILCS 5/3—600 *et seq.* (West 1994)). The trial court denied DeFauw's motion but, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), certified the following question: "whether an initially authorized detention under the Mental Health Code can become a false imprisonment when there is a failure to comply with the filing requirement for the commitment procedure." DeFauw timely filed an application for leave to appeal and we granted the application.

■ Before addressing the merits, we first note that defendant Rockford Memorial Hospital (Rockford) also attempted to appeal. The same counsel represents Rockford and DeFauw. In the trial court, Rockford and DeFauw moved to dismiss, among other counts, counts X, XII and XV. Count X accuses DeFauw of negligent infliction of emotional distress and count XII raises similar allegations against Rockford. On appeal, Rockford and DeFauw treat these two counts as if they are the same as count XV. The certified question, however, addresses only the count alleging false imprisonment and not the two counts alleging negligent infliction of emotional distress. Our jurisdiction under Rule 308 is limited to considering the certified question and we cannot address issues outside that area. *Missouri Pacific R.R. Co. v. International Insurance Co.*, 288 Ill. App. 3d 69, 84 (1997). Here, the certified question is limited to the allegations concerning false imprisonment and, therefore, we are limited to considering only count XV. Since count XV is directed only against DeFauw and not Rockford, Rockford is not a proper party to this appeal.

We turn now to the certified question. DeFauw contends that he cannot be held liable for false imprisonment because plaintiff's detention was pursuant to legal process, authorized by the Mental Health Code, and authorized by court order. Plaintiff concedes that the Mental Health Code authorized her initial detention. Plaintiff asserts, however, that this authorization ended when DeFauw failed to file the petition and required documents within the 24-hour period.

We first address DeFauw's contention that he cannot be held liable for false imprisonment because plaintiff's detention was pursuant to "legal process." In support of this argument, DeFauw relies upon *Olsen v. Karwoski*, 68 Ill. App. 3d 1031 (1979). In *Olsen* the court held that the plaintiff could not sustain a claim of false imprisonment because his emergency involuntary admissions to mental hospitals were the result of lawful arrests. *Olsen*, 68 Ill. App. 3d at 1038. DeFauw apparently concludes that this provides blanket immunity for plaintiff's detention if the detention is part of the "legal process." Such a conclusion is incorrect.

We agree with DeFauw that, under *Olsen*, a lawful detention pursuant to the provisions of the Mental Health Code cannot be the basis of a false imprisonment claim. Our analysis, however, does not end here. The fact that the original detention may be lawful does not mean that the subsequent detention is. See *Fulford v. O'Connor*, 3 Ill. 2d 490, 500-01 (1954); *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 968 (1986); see also *Hyatt v. United States*, 968 F. Supp. 96, 110 (E.D.N.Y 1997) (applying Illinois law to a false imprisonment claim).

Although neither party has cited *Fulford*, we believe that it provides clear instruction for the disposition of this appeal. In *Fulford*, two police officers arrested the plaintiff on April 6 as a burglary suspect. On April 8, the arresting officers charged the plaintiff with disorderly conduct. After the plaintiff was found not guilty of disorderly conduct, he sued the arresting officers alleging false imprisonment and malicious prosecution. The jury found for the plaintiff, but the trial court entered a judgment notwithstanding the verdict in favor of the officers.

On appeal, the supreme court noted that a statute required the officers to take the plaintiff, without unnecessary delay, before the nearest magistrate. *Fulford*, 3 Ill. 2d at 498, citing Ill. Rev. Stat. 1953, ch. 38, par. 660. The court explained that, instead of complying with this requirement, the officers detained the plaintiff from the evening of April 6 until the morning of April 8 while they attempted to discover sufficient evidence to charge the plaintiff with burglary. *Fulford*, 3 Ill. 2d at 497, 500. The court reasoned that this detention by the officers "show[ed] a flat disregard of the duty which the law imposes upon po-

lice officers." *Fulford*, 3 Ill. 2d at 500. The court concluded that the officers, therefore, could be held liable for false imprisonment. *Fulford*, 3 Ill. 2d at 501.

■ Section 3—611 of the Mental Health Code (405 ILCS 5/3—611 (West 1994)) provides: "Within 24 hours, excluding Saturdays, Sundays and holidays, after the respondent's admission under this Article, the facility director of the facility shall file 2 copies of the petition *** with the court in the county in which the facility is located." 405 ILCS 5/3—611 (West 1994). If a person is admitted on a Sunday, and the following Monday is not a holiday, the 24-hour period during which the petition must be filed begins at 12:01 a.m. Monday and expires at 12:01 a.m. Tuesday. See *In re Stone*, 249 Ill. App. 3d 861, 865 (1993). The failure to timely file the petition is an error that cannot be waived (*In re La Touche*, 247 Ill. App. 3d 615, 618 (1993); *Stone*, 249 Ill. App. 3d at 866) or considered harmless (*La Touche*, 247 Ill. App. 3d at 620; Stone, 249 Ill. App. 3d at 866). Section 3—611 creates a bright line test with which the facility director must strictly comply. *La Touche*, 247 Ill. App. 3d at 620. If the director does not comply with this section, the director must either release the recipient or initiate new involuntary commitment proceedings.

In *Fulford*, a statute required the arresting officers to take the plaintiff before a magistrate. A jury found that their failure to do so rendered them liable for false imprisonment. Here, a statute required DeFauw to file the petition by 12:01 a.m. Tuesday. Since DeFauw, like the officers in *Fulford*, disregarded his statutory duty and violated plaintiff's important liberty interests, he can be held liable for false imprisonment.

DeFauw counters by arguing that, although he did not file the petition within the allotted time, a court order authorized his continued detention of plaintiff. Sometime Tuesday, January 25, DeFauw filed the petition. Thereafter, the trial court issued an order setting the date for a hearing on the petition and ordering that "[a] writ be issued directing the sheriff to take custody of WENDY SASSALI AT ROCKFORD MEMORIAL HOSPITAL and bring him/her before this court at the time and place set for hearing AND RETURN HER TO ROCKFORD MEMORIAL HOSPITAL AFTER THE HEARING." DeFauw contends that this order authorized plaintiff's continued detention at Rockford.

■ We agree with DeFauw that, if this order authorized plaintiff's continued detention, then DeFauw could not be held liable for false imprisonment for the period of detention authorized by court order. The courts of this state have repeatedly held that detention pursuant to an arrest warrant is not actionable as false imprisonment. See, *e.g.*,

*Davis v. Temple*, 284 Ill. App. 3d 983, 991 (1996); *Weimann*, 150 Ill. App. 3d at 968. We believe that a detention pursuant to court order is similarly protected. We are not convinced, however, that the order says what DeFauw claims it does. The order is clearly directed only toward the sheriff and, on its face, does not authorize DeFauw to take any action. To answer the certified question, however, we need not determine the exact scope or effect of the order.

Even if the order authorized plaintiff's continued detention, the order could not have authorized plaintiff's detention between the time that the 24-hour period expired and when the court issued the order. During this time, neither the Mental Health Code nor the then yet to be issued order authorized plaintiff's detention. Therefore, regardless of the effect of the order, plaintiff can plead a false imprisonment action for, at a minimum, the time between when the 24-hour period expired and when the trial court issued the order setting the hearing date and authorizing the sheriff to transport plaintiff. Contrary to the dissent, in so holding, we express no opinion as to DeFauw's actual liability nor do we suggest that false imprisonment is a strict liability tort. Likewise, we assume that all the elements of a false imprisonment claim including intent would be relevant with respect to any decision on the merits. We hold only that an initially authorized detention under the Mental Health Code may be followed by an unlawful detention that is actionable as false imprisonment.

Therefore, we answer the certified question in the affirmative.

Certified question answered.

GEIGER, P.J., concurs.

JUSTICE McLAREN dissents:

By granting the defendant's motion for leave to appeal and by providing an incomplete answer to the certified question, the majority ignores the purpose of interlocutory appeals. As the majority is aware, Supreme Court Rule 308 (155 Ill. 2d R. 308) is an exception to the general rule that only final orders from a court are subject to appellate review. Thus, "[a]ppeals under Rule 308 should be limited to certain 'exceptional' circumstances; the rule should be strictly construed and sparingly exercised." *Voss v. Lincoln Mall Management Co.*, 166 Ill. App. 3d 442, 445 (1988).

This court may not grant leave to appeal an interlocutory order under Rule 308 unless (1) the interlocutory order involves a question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially

advance the ultimate termination of the litigation. 155 Ill. 2d R. 308(a). The majority does not attempt to explain how the question certified by the trial court in this case satisfies these requirements.

The first requirement can be satisfied when the issue is one of first impression (see *Costello v. Governing Board of Lee County Special Education Ass'n*, 252 Ill. App. 3d 547 (1993)) or when the issue is governed by conflicting authority (see *Bright v. Dicke*, 260 Ill. App. 3d 768 (1994)). The question presented to this court in this appeal was answered long ago. The majority acknowledges that the question was answered in 1954 by our supreme court in *Fulford v. O'Connor*, 3 Ill. 2d 490, 500-01 (1954). I believe the certified question was more clearly answered in *Marcus v. Liebman*, 59 Ill. App. 3d 337, 340 (1978) (false imprisonment could be proved where a psychiatrist allegedly forced a patient who was voluntarily committed to rescind her request to be released by threatening her with involuntary commitment; however, the psychiatrist never filed a petition). Nevertheless, it is uncontroverted that the question at issue in this appeal is not one of first impression. Further, no one claims that the question is governed by conflicting authority, and the majority fails to explain how the first requirement of Rule 308 has otherwise been met. This insufficiency renders the appeal unsuitable.

In addition, the appeal fails to meet the second requirement. The second requirement, regarding the material advancement of the ultimate termination of the litigation, is satisfied where (1) "a finding of liability would require extensive accounting procedures"; (2) "a long trial would be necessary if a defense were overruled pertaining to the right to bring the action"; (3) the case involves a third-party defendant who is essential to the litigation; and (4) a transferee court's jurisdiction is challenged. *Voss*, 166 Ill. App. 3d at 447, citing *Lerner v. Atlantic Richfield Co.*, 690 F.2d 203, 211-12 (1982). This appeal does not fit any of these examples.

Rather, like the improper Rule 308 question presented in *Renshaw v. General Telephone Co.*, 112 Ill. App. 3d 58 (1983):

> "The principal case is one for damages for personal injury. The parties are few, and the issues are no more complicated than those of an ordinary personal injury case. [The] [t]rial *** should be of comparatively short duration ***." *Renshaw*, 112 Ill. App. 3d at 64.

In addition, the question presented to this court affects only *one* of 18 counts and the dismissal of this count does not eliminate any of the defendants from the case. Further, the majority does not even attempt to explain how entertaining this appeal will materially advance the ultimate termination of the litigation.

Moreover, the majority provides an incomplete answer to the ques-

tion presented. The question presented ("whether an initially authorized detention under the Mental Health Code can become a false imprisonment when there is a failure to comply with the filing requirement for the commitment procedure") is not "yes," as the majority contends. Because the plaintiff does not allege wrongful intent, the defendant does not allege good faith, and the required statement of fact is devoid of such, the answer to the question presented is "maybe." The certified question concerns the failure to timely file a petition, regardless of intent. In *Fulford* (3 Ill. 2d 490), the case relied on by the majority, the supreme court found that false imprisonment could lie where there is a *wrongful intent* to avoid legal guidelines above and beyond the mere failure to follow the same. The majority in this case implicitly departs from the rationale in *Fulford* and determines that the mere allegation and proof of the failure to file are proof of wrongful intent. By failing to qualify its affirmative response to the question presented in this case, the majority has not done anything to materially advance the ultimate and correct termination of the litigation.

In addition, the majority's unequivocal answer wrongfully suggests that false imprisonment is a strict liability tort. The certified question arose from the trial court's denial of the defendant's motion to dismiss based on a claim of immunity. However, the question and the majority's answer, in essence, address whether the plaintiff stated a cause of action. The majority's answer suggests that the defendant could prove no explanation that would preclude liability regarding its failure to file the petition. Thus, the majority ignores one of the propositions contained in *Fulford*, a case it relies upon, that intent is relevant in cases alleging false imprisonment. *Fulford*, 3 Ill. 2d at 500-01, see also *Patton v. State*, 47 Ill. Ct. Cl. 174 (1994); *Howard v. State*, 45 Ill. Ct. Cl. 214, 234 (1993). By failing to answer the question completely and by overreaching in its answer, the majority minimizes the already limited possibility that entertaining this appeal will materially advance the ultimate termination of the litigation.

The majority's statement that it disavows any interpretation of strict liability establishes that the majority has answered the certified question with a "maybe." By limiting the certified question the majority exhibits an awareness of the inadequacy of the certified question and the statement of facts supporting the question. The majority's qualification, though appropriately stated, supports my contention that the certified question is so ambiguous that attempting to answer it only results in further speculation.

A substantial ground for a difference of opinion, as required by Rule 308 (155 Ill. 2d R. 308(a)), cannot be made in a vacuum. Without some factual scenario to relate the answer to, there is no basis to form an opinion, let alone a difference of opinion.

If this appeal materially advances the ultimate termination of the litigation, it is only through chance rather than through reasonable probability. I do not believe the requirements of Rule 308 have been satisfied, and the majority's answer is incomplete. Therefore, I believe we should vacate our previous order allowing leave to appeal and dismiss this appeal as imprudently entertained. See *Voss*, 166 Ill. App. 3d at 453.