HAROLD A. LOVGREN, Plaintiff-Appellant, v. CITIZENS FIRST NATIONAL BANK OF PRINCETON *et al.*, Defendants-Appellees (William Etheridge, Defendant).

Third District   No. 3—87—0418

Opinion filed March 1, 1988.

Leo J. Schwamberger and Scott Picco, both of La Salle, for appellant.

Vonachen, Lawless, Trager & Slevin, of Peoria (Stephen A. Kouri, of counsel), for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Harold Lovgren, filed a three-count complaint for invasion of privacy based upon the unreasonable intrusion upon the seclusion of another. Count I is directed against the Citizens First National Bank of Princeton (Bank), count II against the Bank's vice-president, James Miller, and count III against an auctioneer, William Etheridge. The complaint alleges that the plaintiff is the owner of a farm. In April of 1983, he took out a second mortgage on his farmland with the Bank, signing a promissory note and executing a trust deed in favor of the Bank. Thereafter, the plaintiff borrowed additional money from the Bank and signed additional promissory notes which were also secured by the trust deed. The plaintiff's first mortgage is with a St. Louis bank.

The complaint further alleges that sometime after 1983, the plaintiff failed to meet his financial obligations to the Bank. Certain agents and employees of the Bank urged him to sell his farm, but the plaintiff refused and asked for additional time to meet his obligations. Then, in November 1985, without the plaintiff's knowledge or consent, the defendants ran advertisements in local newspapers and distributed handbills which stated that the plaintiff was selling his farm at public auction on November 25, 1985. No mortgage foreclosure action had been commenced.

Finally, the complaint alleged the advertisements caused the plaintiff anguish and suffering and made it practically impossible for the plaintiff to obtain refinancing of his mortgage loan. The complaint prayed for compensatory and punitive damages, as well as costs of suit. Each defendant filed a motion to dismiss the complaint for failure to state a cause of action. The court granted the motions, and this appeal follows. We reverse.

■■■ A motion to dismiss a complaint for failure to state a cause of action admits all well-pleaded facts and reasonable inferences which may be drawn therefrom. Additionally, a motion to dismiss a complaint for failure to state a cause of action should not be granted unless it clearly appears that no set of facts could be proven under the pleadings which would entitle the plaintiff to relief. (*Krautstrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529.) We have previously held that in order to state a cause of action for invasion of pri-

vacy based on intrusion upon seclusion the plaintiff must allege sufficient facts to show (1) an unauthorized intrusion or prying into the plaintiff's seclusion, (2) that the intrusion was offensive or objectionable to a reasonable man, (3) that the matter upon which the intrusion occurred was private, and (4) that the intrusion caused anguish and suffering. (*Melvin v. Burling* (1986), 141 Ill. App. 3d 786.) The circuit court found the first element met for purposes of the summary judgment motion, and the defendants did not appeal the finding. Thus, we need not consider it further.

■ As to the second element, we find the plaintiff satisfactorily alleged that the defendants' activity was offensive or objectionable to a reasonable man. The plaintiff alleged the Bank was his creditor. Though a creditor may indulge in reasonable means to collect a debt (*Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130), what constitutes reasonable action will depend largely upon the facts of a particular case. The holder of a note secured by a mortgage or trust deed has, upon maturity or default in condition, three legal remedies available: foreclosure, ejectment, or an action on the note itself. (*Markus v. Chicago Title & Trust Co.* (1940), 373 Ill. 557.) Here, a trier of fact could find the Bank's action through its vice-president, James Miller, in advertising the plaintiff's land for sale, rather than pursuing accepted legal remedies, objectionable or offensive to a reasonable man. Further, it could find the auctioneer's assistance in the Bank's action objectionable or offensive to a reasonable man.

■ We also find the plaintiff pleaded sufficient facts to show that the matter sued upon was private. Though a holder of a real estate mortgage has "legal title" to the mortgaged property before foreclosure, it is an anomalous title existing only as between the holder of the mortgage and the mortgagor, and it exists only for the purpose of securing the indebtedness. As against every other person, and for every other purpose, the mortgagor is the owner of the land. (*Carter Oil Co. v. Durbin* (1941), 376 Ill. 398, *cert. denied* (1941), 314 U.S. 644, 86 L. Ed. 517, 62 S. Ct. 85.) An owner of land is entitled to the undisturbed occupation and enjoyment of it. (*Harrison v. Rapach* (1971), 132 Ill. App. 2d 915.) Thus, a trier of fact could find that until the Bank pursued its legal remedies, it was the plaintiff's decision whether or not to advertise his land for sale; the decision was private to him and did not concern the public in any manner.

■ Finally, we find the plaintiff pleaded sufficient facts to support element four—that the intrusion caused anguish and suffering. Accepting all well-pleaded facts as true, the plaintiff alleged the intrusion made it practically impossible for him to obtain refinancing of his

mortgage loan. Additionally, it can be inferred from the pleadings that the plaintiff reasonably felt compelled to take action to stop the sale and, in that connection, to hire an attorney and incur legal fees. It can also be inferred he had to endure the humiliation and embarrassment of explaining to acquaintances, friends and relatives, as well as people that came to his home on the advertised date of the sale, that he was not selling his land.

Accordingly, the judgment of the circuit court of Bureau County dismissing the plaintiff's complaint for failure to state a cause of action is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BARRY, P.J., and SCOTT, J., concur.