(No. 66815.—

HAROLD A. LOVGREN, Appellee, v. CITIZENS FIRST NATIONAL BANK OF PRINCETON *et al.*, Appellants.

*Opinion filed February 2, 1989.*

412

CALVO, J., took no part.

Gregg N. Grimsley, Stephen A. Kouri and LeAnna L. Karnopp, of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellants Citizens First National Bank of Princeton and James B. Miller.

Leo J. Schwamberger, Ltd., of La Salle, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The question presented in this appeal is whether the act of placing an advertisement in a local newspaper, which notified readers about a public auction of farmland and which named the owner of the property as the seller, without the owner's knowledge or consent, gives rise to a cause of action for the invasion of plaintiff's privacy. The trial court held that the owner had failed to state a cause of action upon which relief could be granted and allowed the defendants' motion to dismiss. The appellate court reversed and remanded the case, finding that the plaintiff had pled sufficient facts to sustain a cause of action for intrusion into the seclusion of another. (166 Ill. App. 3d 582.) We granted leave to appeal. Unlike the appellate court, we do not find that the plaintiff has stated a cause of action for intrusion into the seclusion of another. We do find, however, that the facts alleged state a cause of action for that privacy violation referred to as "publicity placing person in false light." Therefore, although we affirm the appellate court and remand the case, we do not adopt the reasoning of the appellate court and vacate that part of the appellate court opinion which finds that plaintiff has alleged a cause of action based on the unreasonable intrusion upon the seclusion of another.

The complaint filed in this case states the following facts. In April 1983, the plaintiff, Harold Lovgren, obtained a second mortgage on his farm from the Citizens First National Bank of Princeton (Bank). When the plain-

tiff failed to meet his financial obligations to the Bank, certain agents and employees of the Bank urged him to sell the farm. The plaintiff refused and requested additional time to satisfy his financial obligation to the Bank.

In November 1985, advertisements were placed in local newspapers and handbills were circulated stating that the plaintiff was selling his farm at a public auction that would take place on November 25, 1985. No such sale, however, had been scheduled, and the placing of these advertisements was accomplished without the plaintiff's knowledge or consent. The advertisements did not mention the Bank's mortgage on the property, nor did they state that the public sale was being held to satisfy the plaintiff's financial obligations. Further, the act of placing the advertisements and circulating the handbills took place without the Bank's having instituted mortgage foreclosure proceedings on the property.

The plaintiff filed a three-count complaint for invasion of privacy based upon the unreasonable intrusion upon the seclusion of another. Count I was directed against the Bank, count II was directed against the Bank's vice-president, James Miller, and count III was directed against the auctioneer named in the advertisement, William Etheridge. The complaint alleged the facts set forth above. Additionally, the complaint alleged that as a result of the defendants' actions in placing the advertisement, the plaintiff had suffered anguish and suffering and the advertisement had made it practically impossible for the plaintiff to obtain refinancing of his mortgage loan. The complaint prayed for compensatory and punitive damages and for costs. The defendants each filed a motion to dismiss the complaint for failure to state a cause of action, which, as noted, the trial court granted.

We recognize that the facts alleged in the present case may constitute an invasion of privacy. This court

recognized the right to privacy in *Leopold v. Levin* (1970), 45 Ill. 2d 434, where this court stated that "[p]rivacy is one of the sensitive and necessary human values and undeniably there are circumstances under which it should enjoy the protection of law." (45 Ill. 2d at 440-41.) In *Leopold*, this court referred to the right of privacy as one recognized many years ago and "described in a limited fashion by Judge Cooley with utter simplicity as the right 'to be let alone.' " (45 Ill. 2d at 440.) Although the facts alleged in the present case indicate a possible violation of privacy, we cannot agree with the appellate court that the plaintiff has satisfactorily pled the requisite elements that constitute the tort of intrusion into the seclusion of another.

The Restatement of Torts has adopted Professor William Prosser's four privacy torts. These four branches of privacy are: (1) intrusion upon the seclusion of another (Restatement (Second) of Torts §652B, at 378 (1977)); (2) appropriation of name or likeness of another (Restatement (Second) of Torts §652C, at 380 (1977)); (3) publicity given to private life (Restatement (Second) of Torts §652D, at 383 (1977)); and (4) publicity placing person in false light (Restatement (Second) of Torts §652E, at 394 (1977)). (See also W. Prosser & W. Keeton, Torts §117, at 849-69 (5th ed. 1984); M. Polelle & B. Ottley, Illinois Tort Law 177-213 (1985).) The Restatement (Second) of Torts describes the tort of intrusion upon seclusion in the following manner:

> "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts §652B, at 378 (1977).

The comments to this section of the Restatement indicate that the nature of this tort depends upon some type

of highly offensive prying into the physical boundaries or affairs of another person. The basis of the tort is not publication or publicity. Rather, the core of this tort is the offensive prying into the private domain of another. (Restatement (Second) of Torts §652B, comments *a, b,* at 378-79 (1977).) Prosser and Keeton's treatise on torts echoes the Restatement approach. (See W. Prosser & W. Keeton, Torts §117, at 854-56 (5th ed. 1984).) The examples provided as forming the basis for the tort of intrusion into the seclusion of another include the following acts: invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping by wiretapping; peering into the windows of a private home; and persistent and unwanted telephone calls. (W. Prosser & W. Keeton, Torts §117, at 854-55 (5th ed. 1984).) Although we recognize that the contours of the tort of unreasonable intrusion into the seclusion of another are intuitive to a degree, we conclude that the defendants' alleged actions in the present case do not constitute unreasonable intrusion into the seclusion of another. Our decision is based upon the fact that the alleged offensive conduct and subsequent harm resulted from the defendants' act of publication, not from an act of prying analogous to the examples set forth by Prosser and Keeton.

We emphasize that our discussion of the tort of unreasonable intrusion into the seclusion of another, as enunciated by the Restatement and by Prosser, does not imply a recognition by this court of such a cause of action. We note that there is a conflict among the Illinois appellate court districts as to whether this cause of action should be recognized in this State. (See *Melvin v. Burling* (3d Dist. 1986), 141 Ill. App. 3d 786 (recognizing cause of action); *Kelly v. Franco* (1st Dist. 1979), 72 Ill. App. 3d 642 (not recognizing cause of action); *Bank of Indiana v. Tremunde* (5th Dist. 1977), 50 Ill. App. 3d 480 (implicitly recognizing cause of action); *Bureau of*

*Credit Control v. Scott* (4th Dist. 1976), 36 Ill. App. 3d 1006 (not recognizing cause of action); see also M. Polelle & B. Ottley, Illinois Tort Law 192-96 (1985) (discussing Illinois appellate court's treatment of unreasonable intrusion on another's seclusion).) We do not find it necessary, however, to resolve these differences in this case.

Although the facts presented in the present case do not satisfy the elements of Prosser's tort of unreasonable intrusion, we find that the facts alleged form the basis of the fourth branch of the privacy tort as recognized by Prosser and the Restatement: publicity placing another person in a false light.

The Restatement (Second) of Torts describes the privacy tort of placing another in a false light in the following manner:

> "One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Restatement (Second) of Torts §652E, at 394 (1977).

Prosser and Keeton expand upon this definition, providing examples such as publicity falsely attributing to the plaintiff some type of opinion or statement, or filing suit in the plaintiff's name without authorization, or using the plaintiff's name on a petition without authorization. (W. Prosser & W. Keeton, Torts §117, at 863-64 (5th ed. 1984); see also Prosser, *Privacy*, 48 Calif. L. Rev. 383, 399-401 (1960).) Our study of the Restatement approach and Prosser's commentary on false-light privacy reveals that the heart of this tort lies in the publicity, rather than in the invasion into the plaintiff's physi-

cal solitude or affairs upon which the tort of invasion into seclusion is based. Thus, we conclude that the facts alleged by the plaintiff more appropriately characterize the false-light branch of privacy. Although plaintiff's complaint describes his cause of action as one of unreasonable intrusion, it is the allegations that define the cause of action and not the name or title that may be used. *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 244; *Sobczak v. Whitten* (1979), 75 Ill. App. 3d 208, 213; *Aebischer v. Zobrist* (1977), 56 Ill. App. 3d 151, 154.

We now turn our attention to the elements of this common law tort. We find that this case is here by virtue of an appeal from the allowance of a motion to dismiss. A motion to dismiss a complaint for failure to state a cause of action admits all well-pleaded facts. Additionally, a motion to dismiss a complaint for failure to state a cause of action should not be granted unless it clearly appears that no set of facts could be proven under the pleadings which would entitle the plaintiff to relief. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360-61.) Thus, within this framework, we must decide whether the facts alleged satisfy the elements of a cause of action for publicity placing a person in a false light.

We first must decide whether the allegations show that the plaintiff was placed in a false light before the public as a result of the defendants' actions. After an examination of the advertisement placed in the local newspaper, we note that sufficient publicity was generated to satisfy this requirement. Further, because the advertisement stated that the farm was for sale by public auction, and named the plaintiff as seller—which was clearly untrue—the defendants' actions placed the plaintiff in a false light before the public.

Second, we must determine whether a finder of fact could decide that the false light in which the plaintiff was placed would be highly offensive to a reasonable

person. The test articulated by the Restatement states that this element is met "when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." (Restatement (Second) of Torts §625E, comment c, at 396 (1977).) We caution, however, that minor mistakes in reporting, even if made deliberately, or false facts that offend a hypersensitive individual will not satisfy this element.

The complaint in the present case alleges that the defendants placed notices which appeared in local newspapers and which were circulated in handbills in Bureau County, where the plaintiff resided, stating that the plaintiff was selling his farm at a public auction. The facts alleged in the complaint indicate that the plaintiff had no intention of selling his farm, and that the placement of the advertisements and the circulation of handbills were accomplished without his knowledge or consent. Of considerable significance is the allegation that the unauthorized advertisement made it practically impossible for plaintiff to obtain refinancing of his mortgage loan. A trier of fact could conclude that the defendants knew that the publication of this false fact would prove highly offensive to the plaintiff. Thus, we conclude that the facts alleged state a cause of action based on the tort of publicity placing another in a false light.

In *Leopold v. Levin*, this court recognized a right of privacy and also recognized that the dimensions of this right in this State had been defined by our appellate court. Quoting from the appellate court opinion in *Bradley v. Cowles Magazines, Inc.* (1960), 26 Ill. App. 2d 331, 334, the court stated that "the purpose underlying the right of privacy action was 'To find an area within which the citizen must be left alone' and that, viewing the possible development of the right, 'It is important *** that

in defining the limits of this right, courts proceed with caution.' " *Leopold v. Levin* (1970), 45 Ill. 2d 434, 440.

We must also consider this tort in light of first amendment limitations. Ours is not a case involving a public figure or a matter of public interest. In *Leopold,* it was noted that in such cases the right of privacy is a limited one. (45 Ill. 2d at 440.) In our case, the interest is purely a private one involving only the plaintiff and his bank. There was thus no need or reason for the uninhibited and robust discussion essential in cases involving a public interest or public figure. (See *Leopold,* 45 Ill. 2d at 442.) Acknowledging the above admonition that in defining the limits of this right courts proceed with caution, we, nonetheless, recognize that plaintiff has alleged a cause of action for a violation of his right of privacy.

There is an overlapping of protected interests in the false-light privacy tort and those protected by defamation law. Yet, there are recognizable differences. It has been said that all defamation cases can be analyzed as false-light cases, but not all false-light cases are defamation cases. (See M. Polelle & B. Ottley, Illinois Tort Law 199-200 (1985).) We need not be concerned here with whether typical defamation restrictions and requirements apply. (See W. Prosser & W. Keeton, Torts §117, at 866 (5th ed. 1984).) We must, however, address the "actual malice" requirement that is associated with defamation actions involving public figures or matters of public interest. See *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710.

In *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997, the Supreme Court held that so long as liability is not imposed without fault the States may define for themselves the appropriate standard of liability for a publication of a defamatory falsehood injurious to a private person as distinguished from a public figure. *Gertz* was a defamation case. In *Cantrell v.*

*Forest City Publishing Co.* (1974), 419 U.S. 245, 42 L. Ed. 2d 419, 95 S. Ct. 465, the Supreme Court considered a cause of action based on the tort of false light and invasion of privacy, and not on defamation. In that case, as in *Gertz*, a private individual and not a public figure was involved. In *Cantrell*, the Supreme Court acknowledged that in *Time, Inc. v. Hill* (1967), 385 U.S. 374, 17 L. Ed. 2d 456, 87 S. Ct. 534, it had considered a false-light invasion of privacy action in a matter of *public interest* and had required that there must be proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth. In *Cantrell*, the trial judge had instructed the jury that liability could be imposed only if the publication was made with knowledge of those falsities or in reckless disregard of the truth. No objection had been made to that instruction. The Supreme Court stated that under these circumstances, there was no occasion to decide whether the State (as in *Gertz*, a defamation case) could relax the standard of liability for publication of false statements in a false-light invasion of privacy case where a private individual and not a public figure is involved.

Thus the question of whether in false-light cases the plaintiff must allege and prove "actual malice" has been left open. We conclude, however, in light of the admonition of *Leopold v. Levin* to proceed with caution, that in false-light cases it is not necessary to distinguish between private and public figures, as is required in some defamation cases, and we, accordingly, adopt the "actual malice" approach of the Restatement. (See Restatement (Second) of Torts §652E(b), at 394 (1977).) Our decision to require proof of knowledge of the falsity of the publication or that the defendant acted in reckless disregard of the truth is not bottomed on our belief that this standard is constitutionally required. Rather, it is based on the nature of the

tort. This is best explained by quoting from W. Prosser & W. Keeton, Torts §117, at 864-65 (5th ed. 1984):

"It is suggested that virtually all actionable invasions of privacy have been intentional invasions or invasions of a kind that defendant knew or had reason to know would not only be offensive but highly so and are therefore examples of outrageous conduct that was committed with knowledge or with reason to know that it would cause severe mental stress. Recovery for an invasion of privacy on the ground that the plaintiff was depicted in a false light makes sense only when the account, if true, would not have been actionable as an invasion of privacy. In other words, the outrageous character of the publicity comes about in part by virtue of the fact that some part of the matter reported was false and deliberately so."

This court therefore recognizes the tort of placing another in a false light with the limitations set forth herein. We note that a substantial number of other jurisdictions have recognized this cause of action as well. See Annot., 57 A.L.R.4th 22, 58-69 (1987).

We noted above that the complaint prays for compensatory and punitive damages. Whether or not punitive damages may appropriately be awarded in such a case is not a question before the court and we express no opinion on that subject.

The decision of the appellate court, holding that the complaint herein states a cause of action for intrusion upon the seclusion of another, is vacated. The judgment of the circuit court is reversed, and the cause is remanded to the circuit court of Bureau County for further proceedings.

*Appellate court vacated;*
*circuit court reversed;*
*cause remanded.*

JUSTICE CALVO took no part in the consideration or decision of this case.