Gary Scott LUDEMO, Plaintiff,

v.

George KLEIN and Current
Development Corp.,
Defendants.

No. 90 C 6978.

United States District Court,
N.D. Illinois, E.D.

Aug. 21, 1991.

Richard D. Grossman, Dannen, Crane, Heyman & Simon, Chicago, Ill., for plaintiff.

Dan R. Sampen, Richard J. Lang, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Does Illinois recognize a cause of action premised upon the unreasonable intrusion upon the seclusion of another?

The plaintiff says yes, and the defendant disagrees. The viability of Count IV depends upon which answer is correct. Plaintiff Gary Scott Ludemo claims that while in the employ of defendants George Klein and Current Development Corporation ("CDC") Ludemo was sexually harassed by Klein, who is President and CEO of CDC. Ludemo alleges Klein wrote Ludemo lewd notes, sent Ludemo certain catalogues and maga-

zines, and furnished Ludemo with certain gifts during the term of Ludemo's employment. Plaintiff was employed by defendants from February 17, 1988 to October 19, 1990 and alleges that Klein sexually harassed plaintiff intermittently between February 17, 1988 and July 17, 1990, when plaintiff filed a sexual harassment claim against defendant Klein with the Equal Employment Opportunity Commission.

The parties both agree that the Illinois Supreme Court has not decided whether this tort exists in Illinois. We are not so sure. The Illinois Supreme Court in *Lovgren v. Citizens First National Bank,* 126 Ill.2d 411, 417, 128 Ill.Dec. 542, 544, 534 N.E.2d 987, 989 (1989) found that the defendants' actions there did not constitute an unreasonable intrusion into the seclusion of another, and reversed the appellate court on that issue. The Supreme Court then held that its discussion "does not imply a recognition by this court of such a cause of action."

It is disquieting that a court can hold that certain acts do not meet the requirements of a given cause of action and also deny that the cause of action exists. If the cause of action does not exist, against what standards can a court measure the party's actions? When the cause of action does not exist, then *no* set of actions can be said to fit within that (uncognizable) claim for relief. The Supreme Court, however, discussed whether the actions of the defendant in *Lovgren* fit into this (hypothetical) cause of action.

This is not to say a court may never rule in the subjunctive mode, *i.e.,* "were this to be the law, we would still rule as we do." The problem here is that the "contours" of the tort are simply not so well defined that the application of doctrine can be decided hypothetically. To use properly the subjunctive mode of decision, two things are required: (1) the facts of the case must be clear and (2) the legal rule must be well-defined. For example, a judge may say, "I

have no discretion to order pretrial production of grand jury minutes and even if I were to have discretion I would not order production here" [1]; or "We have abolished the doctrine of attractive nuisance but had we not done so we would find the nuisance here was not all that attractive." There are hundreds of legal rules and concepts which are clear enough to be used in this way.

When a court recognizes a tort, it customarily devotes a good deal of care to the precise language defining the tort. It should do so because unnecessarily vague language certainly results in needless, costly litigation and may inflict unnecessary pain on plaintiffs (by disappointing reasonable legal expectations) and defendants (by inflicting legally unforeseeable money damages). When a court speaks hypothetically the *necessity* for care is absent. The hard labor of thinking through the questions of elements, scope, and purpose of the tort need not be done. This is one of the reasons why we distinguish between holding and dictum.

The problem here is complicated because the Supreme Court did not speak in a hypothetical or subjunctive mode. It quite clearly *holds* that certain conduct does not constitute unreasonable intrusion on seclusion and then *holds* that it does not decide the question of whether the tort exists. By denying that the court is reaching the issue, after having plainly reached the merits of the issue, the court is coy.[2] There is no principled difference between recognizing the "contours" of the tort and recognizing the tort in the way the Supreme Court did so in *Lovgren.* These observations aside, I must still answer the question with which began this opinion.

There exist two approaches in this District for discerning Illinois law in cases like this. Both lead to the same result. Judge Marshall says that, when the appellate courts conflict, the District Court simply chooses what it believes the Illinois Su-

---

1. *See U.S. v. Violon,* 173 F. 501 (S.D.N.Y.1909) (Hand, J.).

2. Such analytical manipulation is disfavored by the Seventh Circuit, which recently concluded that "it seems to us preferable as a general matter to determine whether rules apply before using them." *Beringer v. Sheahan,* 934 F.2d 110 (7th Cir.) (Flaum, J.).

preme Court would decide. *Kelly v. Stratton,* 552 F.Supp. 641 (N.D.Ill.1982). We find that if forced to resolve this issue, the Illinois Supreme Court would hold that the tort exists. The thrust of its opinion in *Lovgren* leads to this conclusion.

Judge Shadur says the District Court ought to decide what law applies by deciding in which state circuit court the case would be tried and to apply the same law that circuit would. *National Can Corp. v. Whittaker Corp.,* 505 F.Supp. 147 (N.D.Ill. 1981). The events of Count IV occurred in Will County which is within the Third District. The Third District Appellate Court has held that this tort exists. *Melvin v. Burling,* 141 Ill.App.3d 786, 95 Ill.Dec. 919, 490 N.E.2d 1011 (3rd Dist.1986). Thus we would follow the Third District Appellate Court in holding that the tort exists. Ironically, many of the events in this case on which other counts are founded occurred within the jurisdiction of the Second District—the only appellate court that has not addressed the question.

The defendants' next argument is that Klein's alleged actions were purely personal and not in furtherance of corporation business. This position is mere advocacy. The Complaint alleges a set of facts which, if true, might impute liability to defendant Current Development Corporation.

For the reasons stated, we deny the Motion to Dismiss Count IV.