**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3138
_____

YOUSELINE DOPHIN,
                            Appellant

v.

BANK OF AMERICA MORTGAGE COMPANY;
BANK OF AMERICA HOME LOAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-03193)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2016

Before:  FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 1, 2016 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Youseline Dophin appeals the District Court's order granting the defendant's motion to dismiss her second amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013). For the reasons set forth below, we will affirm the District Court's judgment.

Dophin filed her initial complaint against defendant Bank of America, N.A. (BANA) in May 2014. She alleged that she initially obtained a mortgage loan for her home from Countrywide, and that BANA took over the loan after acquiring Countrywide. She claimed, generally, that BANA is corrupt, has kept her from working, and otherwise caused her difficulties. BANA filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted BANA's motion, but gave Dophin leave to amend her complaint. Dophin filed an amended complaint, BANA filed another Rule 12(b)(6) motion, and the District Court again granted the motion but invited amendment.

Dophin then filed a second amended complaint, which is at issue in this appeal. She complained that BANA had acquired her mortgage without her consent, had limited her ability to work, had sent an employee to her home to talk to her without her permission, and had engaged in other debt collection or foreclosure activities. She alleged that this conduct violated her rights under the Fourth, Fifth, and Ninth Amendments; she also raised claims of fraud, intentional infliction of emotional distress, unjust enrichment, and invasion of privacy. BANA filed a motion under Rule 12(b)(6) and, after holding a hearing, the District Court granted BANA's motion and dismissed

2

the second amended complaint with prejudice. Dophin filed a timely notice of appeal to this Court.

In support of her appeal, Dophin has filed an informal brief, which, instead of presenting specific challenges to the District Court's opinion, states only, "I disagree with the Judge['s] decision which my complaint is dismissed with prejudice." Br. at 1. Because Dophin is proceeding pro se, we construe her brief liberally. See, e.g., United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). At the same time, we will review only those arguments that she has actually presented. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)). Dophin has not adequately presented any issue for our review.

In the interest of completeness, however, we have independently reviewed her claims and the District Court's opinion, and conclude that the Court did not err in dismissing her second amended complaint. To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; neither does "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3

As the District Court explained, while Dophin raised a host of legal theories, she has failed to state a claim under any theory. To pursue a constitutional claim under 42 U.S.C. § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added). Dophin has made no effort to establish that BANA is a state actor, which is fatal to her constitutional claims. See generally Apao v. Bank of N.Y., 324 F.3d 1091, 1095 (9th Cir. 2003).

Further, while Dophin repeatedly accuses BANA of fraud, she has not identified a "material misrepresentation of fact" that she relied on to her detriment, which is the foundation of a fraud claim under New Jersey law. See Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Her intentional-infliction-of-emotional-distress claim fails because her allegations that BANA took over her mortgage and that a BANA representative periodically visited her home do not involve conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Ingraham v. Ortho-McNeil Pharm., 25 A.3d 1191, 1195 (N.J. Super. Ct. App. Div. 2011) (quoting Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988)). Moreover, as the District Court explained, Dophin failed to plead any facts suggesting that BANA has been unjustly enriched. See VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994) ("To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.").

4

Finally, Dophin failed to state a viable invasion-of-privacy claim. Invasion of privacy involves "the intentional intrusion, 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns' that 'would be highly offensive to a reasonable person.'" G.D. v. Kenny, 15 A.3d 300, 319-20 (N.J. 2011) (quoting Bisbee v. John C. Conover Agency, Inc., 452 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1982)). The periodic visits from a BANA employee to Dophin's home do not represent a sufficiently substantial intrusion to make out a claim. See Restatement (Second) of Torts § 652B cmt. d (1977); see also Villanova v. Innovative Investigations, Inc., 21 A.3d 650, 654 (N.J. Super. Ct. App. Div. 2011) (employing Restatement's definition). Likewise, Dophin's vague allegations concerning BANA's collection or foreclosure efforts do not state a plausible claim. See Bisbee, 452 A.2d at 691-92; see also Lovgren v. Citizens First Nat'l Bank of Princeton, 534 N.E.2d 987, 989 (Ill. 1989). Nor has Dophin explained how BANA's acquiring her mortgage implicated her right to privacy.[1] Accordingly, we will affirm the District Court's judgment.

---

[1] Dophin also presents conclusory allegations that BANA has been able to limit her employment opportunities because it provides banking services to her past employers. These allegations do not suffice to state a claim. See Twombly, 550 U.S. at 556-57. Likewise, insofar as Dophin has raised any additional claims, we agree with the District Court that they lack merit. Finally, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court did not err in dismissing the complaint without providing Dophin another opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).