**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1269
_____

UNITED STATES OF AMERICA

v.

WILLIAM BONEY,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1-11-cr-00055-001)
District Judge: Honorable Colm F. Connolly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 8, 2022

Before: JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: December 9, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

William Boney, proceeding pro se, appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). But, in his briefs, Boney does not address the court's order, but rather argues that his sentence violates federal law. Accordingly, his filings can be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Boney's appeal is untimely and Boney's filings do not satisfy the requirements for consideration of a second or successive § 2255 motion, we will dismiss Boney's appeal.

I.

Boney was convicted by a jury of one count of conspiring to distribute 500 grams or more of cocaine, one count of attempting to retaliate against a government informant, and one count of solicitation of a person to retaliate against a government informant. *United States v. Boney*, 769 F.3d 153, 154–55 (3d Cir. 2014). The District Court sentenced Boney to a term of imprisonment of 220 months. *Id.* at 155. Boney appealed his conviction, and the United States cross-appealed his sentence, arguing the court erred in calculating the guideline range when it sentenced Boney. *Id.* We affirmed Boney's conviction but vacated Boney's sentence and remanded for resentencing, concluding that "the District Court misapplied the Sentencing Guidelines when it sentenced Boney." *Id.* On remand, the court sentenced Boney to 272 months of imprisonment.

Boney subsequently moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The court denied Boney's motion, and we denied Boney's request for a certificate of appealability. Boney also filed a motion for compassionate release under 18

U.S.C. § 3582(c)(1)(A) "based on his health conditions (asthma and Achalasia) in light of the COVID-19 pandemic and his purported rehabilitation since being incarcerated." SAppx144. The court denied Boney's motion for compassionate release, concluding, in part, that the factors set forth in 18 U.S.C. § 3553(a) did not weigh in favor of a sentence reduction. In particular, the court noted the dangerous nature of Boney's crimes, which included attempting to kill a government informant, and the need to send a strong deterrent message with Boney's sentence.

Boney filed a notice of appeal of the court's order denying his motion for compassionate release.

## II.[1]

Boney's appeal fails for several reasons. First, Boney's appeal is not timely. Under Federal Rule of Appellate Procedure 4(b)(1)(A), "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." A defendant who is incarcerated, such as Boney, can satisfy this requirement by depositing the notice of appeal "in the institution's internal mail system on or before the last day for filing" and submitting a notarized statement or declaration that is subscribed as true under penalty of perjury—or alternative evidence, "such as a postmark or date stamp"—establishing the date of deposit. *See* Fed. R. App. P. 4(c)(1).

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

Here, the court's order denying Boney's motion for compassionate release was entered on December 16, 2020. Accordingly, Boney was required to file a notice of appeal by December 30, 2020. *See* Fed. R. App. P. 4(b)(1). Because Boney did not receive a copy of the court's order until January 20, 2021, the court could—but did not— extend the deadline by 30 days to January 29, 2021. *See* Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). Although Boney indicated in the notice of appeal that it was deposited in the prison's internal mail system on January 28, 2021, the notice of appeal was not accompanied by a notarized statement or declaration subscribed by Boney as true under penalty of perjury, establishing that it was, in fact, deposited on that date. Accordingly, the earliest the notice of appeal can be considered filed is February 11, 2021, the date on which it was filed in the District Court. Because February 11, 2021 is after the deadline to file the notice of appeal and the Government has objected to Boney's appeal as untimely, we must dismiss Boney's appeal. *See United States v. Muhammad*, 701 F.3d 109, 111 (3d Cir. 2012) ("The time limit for filing a criminal appeal set forth in Rule 4(b) is rigid but not jurisdictional, and may be waived if not invoked by the government. An untimely appeal must be dismissed, however, if the government objects." (internal citations omitted)).

Even if we considered Boney's appeal, we would still affirm. In the notice of appeal, Boney indicated that he was appealing "the final judgment denying his Motion to

4

Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)." SAppx138. But, in his subsequent briefs, Boney does not mention or address the court's decision to deny his motion for compassionate release. "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005); *see also Dophin v. Bank of Am. Mortg. Co.*, 641 F. App'x 131, 133 (3d Cir. 2016) (per curiam) (not precedential) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." (citation omitted)). Accordingly, Boney has waived any argument that the court erred in denying his motion for compassionate release.

Even if Boney did not waive the compassionate release issue, though, the court still did not err in denying Boney's motion. Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." "[A] grant of compassionate release is a purely discretionary decision," *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), and a district court may deny compassionate release if it determines that the factors provided in 18 U.S.C. § 3553(a) weigh against granting such release, *see United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We review a district court's decision to deny a motion for compassionate release for abuse of discretion, and "we will not disturb the court's determination unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached.'" *Andrews*, 12 F.4th at 259 (alteration in original).

Here, the court did not abuse its discretion in denying Boney's motion for compassionate release. The court thoroughly considered Boney's motion and determined, in part, that the § 3553(a) factors did not weigh in favor of a sentence reduction. The court noted the seriousness of Boney's offense and the danger that Boney poses to the community, stating:

> Boney attempted to murder a government informant and was willing to murder that informant's child. Boney committed this offense while he was on pre-trial supervision and after his attempts to pro-actively cooperate with the DEA broke down. Boney also attempted to intimidate another witness during trial by having his brother send to that witness the message that "snitches get laid in ditches."

SAppx156–57. The court also noted that "[t]he nature and circumstances of the offense demonstrate that Boney was a sophisticated and violent drug dealer who trafficked in kilos of cocaine," and the court concluded that "Boney's conduct deserved a lengthy sentence to send a strong deterrent message, whereas a release now would allow him to evade almost half of his sentence." SAppx157. Because the court did not abuse its discretion in denying Boney's motion for compassionate release, we would have still affirmed the court's judgment even if Boney's appeal were timely and he had preserved the issue.

Rather than address the court's decision denying his motion for compassionate release, Boney uses his briefs to argue his sentence violates federal law. Specifically, Boney asserts that 18 U.S.C. § 3742(b) requires the Government to receive "the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General" before it can appeal an otherwise final sentence.

6

Appellant's Suppl. Br. 4. Boney maintains the Government did not receive the necessary approval when it appealed Boney's original sentence. Because the Government's appeal was successful and ultimately resulted in the court resentencing Boney and increasing his sentence from 220 months to 272 months, Boney argues that his increased sentence violates federal law.

Accordingly, Boney's appeal is more appropriately construed as an attempt to collaterally attack his sentence under 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Boney previously filed a § 2255 motion in 2017. The court denied the motion, and we denied Boney's request for a certificate of appealability. For Boney to receive consideration of a second or successive § 2255 motion, we must certify that the motion contains either newly discovered evidence of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because Boney's motion does not contain evidence of actual innocence or invoke a new rule of constitutional law, we will dismiss it.

### III.

For the foregoing reasons, we will dismiss Boney's appeal.